George Delong Bailey and Lella P. Bailey v. Commissioner.
Bailey v. Commissioner
Docket No. 110354.
United States Tax Court
1943 Tax Ct. Memo LEXIS 91; 2 T.C.M. (CCH) 884; T.C.M. (RIA) 43447; October 4, 1943
*91 Petitioner, by stockholders' suit, compelled an accounting for profits made by the president of the company by means of stock manipulation. Held, the recovery by petitioner is taxable income. T. Newman Lawler, Esq., for the petitioners. Arthur Groman, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined a deficiency in income tax of $583.46 for the year 1937, predicated on his holding that "the amount of $7,261.30 received by you [petitioners] in the year 1937 as a result of the judgment in a civil action handed down by the Supreme Court of Pennsylvania against John Jacobs, is taxable as ordinary income." The facts were all stipulated and the stipulation is hereby adopted as the facts in the case. The following statement is sufficient for the purposes of this opinion. [The Facts] On May 23, 1926 petitioner, Lella P. Bailey, became the owner of 540 shares of common stock in Boxboard Products Company, a Delaware corporation, the stock being received in place of stock formerly held by her in Philadelphia Paper Manufacturing Company, which company was merged with the Boxboard Products Company. John Jacobs was president and *92 a director of both the above companies. In 1934 petitioner, together with certain other stockholders of Boxboard Products Company, brought an action in equity in the courts of Pennsylvania against John Jacobs, alleging that both prior and subsequent to the merger of May 23, 1926 Jacobs had so manipulated the stock and property of the company that he had profited personally in large sums of money and had increased his interest in the company at the expense of other stockholders. The plaintiffs in the equity suit demanded inter alia "that defendant be compelled to account to plaintiffs for their proportionate shares as individual stockholders of all profits, dividends, distributions and returns received by Jacobs on said stock" and for other equitable relief. The case was ultimately carried to the Supreme Court of Pennsylvania and resulted in an opinion of that court filed January 11, 1937. The court held as to some of the transactions that recovery was barred by the statute of limitations, but it rendered decision for the plaintiffs on other elements in the case. The following is quoted from the opinion of the court: In all, therefore, defendant purchased with the company's *93 money on items recoverable by plaintiffs in the present proceedings, 28,523 shares, on which he made a total profit of $907,071.52, and for this he should account, with interest on its component parts from the respective dates (June 14, 1926, July 1, 1926, June 1, 1927, and December 17, 1927) when he received the various payments from the Boxboard Company by way of redemption, distribution and liquidation. This sum is distributable among the outstanding 115,235 shares of Boxboard Company stock, less 28,523 shares purchased by defendant (which must legally be regarded as if held in the treasury of Boxboard Company) or 86,712 shares. On this phase of the case, therefore, plaintiffs are entitled to recover on each share of Boxboard Company stock held by them (when the outstanding capital stock was 115,235 shares) the sum of $10.46 per share with interest as above stated. On another angle of the case the court held plaintiffs entitled to recovery and that "such an allocation would amount to $5.55 per share, with interest as stated, and plaintiffs are entitled to that amount upon each share held by them in the Boxboard Company prior to the reduction of the capital stock on June 1, 1937. *94 Pursuant to the decree entered upon the opinion of the Supreme Court of Pennsylvania in the above described action, Lella P. Bailey recovered in the action and received during the calendar year 1937 the net sum of $7,261.30. The Boxboard Products Company, Inc., was dissolved by proclamation of the Secretary of State of Delaware in January 1937, and it is stipulated that "the cost to Mrs. Bailey of her stock in Boxboard Products Company, Inc., shall be zero." Petitioners have filed a three-page brief in which, after summarizing the facts, it is pointed out that Jacobs had abused his position of trust and confidence as an officer and director of the two companies, that the Pennsylvania Supreme Court compelled him "to disgorge the secret profits derived by him from his abuse of his fiduciary duties." Wherefore, "petitioner respectfully submits that the recovery of Mr. Jacobs constituting, as it does, a penalty imposed by law, does not constitute taxable income under the Internal Revenue Code." Petitioners submit their case on citation of , and . *95 [Opinion] Respondent correctly points out that to determine whether the amount received by petitioner as the result of the suit she and others brought against John Jacobs is taxable income the nature of that action must be considered. Some recoveries as a result of litigation are taxable ( and other are not (). One test to determine the taxability of proceeds in such a case is whether or not the taxpayer therein involved had sued for and recovered profits. , is to be distinguished from the present case on this ground. The court in that case stated "the settlement was not based on a suit by the taxpayer to recover profits of which it had been deprived." The recovery decreed was in the nature of a penalty imposed by law on a faithless fiduciary. In , the damages in the court action there involved constituted in part a return of capital investment and in part *96 punitive damages, neither of which was held to be taxable. This case also is thus clearly distinguishable. In , on the other hand, where it appeared that the recovery was in part a return of capital and in part a recovery of profits made by the use of petitioner's assets, it was held by the Board of Tax Appeals and affirmed by the Circuit Court of Appeals that the return of capital was not taxable income but that the recovery of profits constitutes taxable income. The facts in that case are substantially similar to those presently before us. As indicated above, the suit in which petitioner was a plaintiff was an equity suit, asking that the defendant be compelled to account to plaintiffs for their proportionate shares as individual stockholders of "all profits, dividends, distributions and returns received." The court's opinion is clearly predicated on the theory of an accounting for profits made. None of the recovery by petitioners constituted a return of capital assets. We sustain the respondent's contention that the entire sum recovered was taxable as ordinary income. By amended petition it was alleged *97 that "in the event the said moneys did constitute income to petitioner, Lella P. Bailey, during the calendar year 1937, the Commissioner erred in not determining that said income is properly taxable as long-term capital gain to petitioner, Lella P. Bailey, as a liquidating dividend * * *." Since petitioner on brief makes no reference to this alternative allegation, we assume it has been abandoned. In any event, it may be pointed out pertinently that the stipulated facts are wholly insufficient to support petitioner's contention. In the opinion of the court the money was decreed to be payable directly to the petitioning plaintiffs. The funds were not paid into the corporate treasury and were not distributed by it. Attention may also be called to the fact that we have insufficient evidence upon which to base a conclusion as to the nature of the liquidation. We know only that the company was dissolved by proclamation of the Secretary of State of Delaware and that the cost to petitioner of her stock was zero. No conclusion can be predicated on such meager facts. Decision will be entered for the respondent.